IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS PEREZ, | : | CIVIL ACTION NO. **4:CV-05-1389** |
| Petitioner | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| RONNIE HOLT, Warden, | : | |
| Respondent | : | |

## **REPORT AND RECOMMENDATION**

The Petitioner, Carlos Perez, an inmate at the Federal Correctional Institution at Schuylkill ("FCI-Schuylkill"), filed this Petition for Writ of Habeas Corpus on July 11, 2005, pursuant to 28 U.S.C. § 2241, naming as Respondent the Warden at FCI-Schuylkill. (Doc. 1). We note that Petitioner has named the proper respondent, i.e. Warden at FCI-Schuylkill. *See* 28 U.S.C. §§ 2242 and 2243. Petitioner also attached a typed Motion for writ of habeas corpus to his form petition as well as 15 Exhibits to his Petition. (Doc. 1).[1]

On August 2, 2005, Respondent submitted his Response and Exhibits in support thereof. (Doc. 7). Petitioner filed a Traverse on August 24, 2005. (Doc. 7). The Petition is presently ripe for disposition.[2]

---

[1] We shall refer to the typed Motion attached to the form habeas petition as Doc. 1 hereinafter.

[2] We note that the Petitioner has been granted leave to proceed *in forma pauperis*. (Doc. 3).

**I. Background**.

Petitioner claims that the federal Bureau of Prisons ("BOP") has incorrectly calculated his sentence since it did not afford him credit for the period of time from May 15, 2003 through October 22, 2003, while he was in federal custody and still serving his New York State sentence. (Doc. 7, p. 2). Petitioner claims that he was in federal custody since May 15, 2003, and that prior to this time he was in New York State custody from May 16, 2002. Petitioner states that he was sentenced in federal court on October 3, 2003, and that the BOP has refused to give him credit towards service of his federal sentence from May 15, 2003 through October 22, 2003, despite his having been in federal custody during this time. (Doc. 1, memo, pp. 3-4).

Petitioner contends that, during the time he was serving a state sentence for a drug-related state conviction, he was taken into federal custody on May 15, 2003 for indictment on illegal re-entry related charges and processing in the federal system. Petitioner states that he remained in federal custody until October 22, 2003, and then returned to New York State custody to complete service of his state drug sentence. Petitioner states that in his October 3, 2003 federal sentence, the court ordered that his federal sentence was to be concurrent with any unexpired term of imprisonment that he was then serving. (*Id*., p. 4-5). Petitioner states that if his present habeas petition is granted, he will receive credit for the time in which he was in federal custody pursuant to a writ of "ad prosequendum." (*Id*., p. 5). Petitioner claims that the BOP will not afford him credit for the time he was in federal custody (pursuant to a writ of habeas corpus *ad prosequendum*) prior to being returned to state custody to complete service of his state drug sentence.

2

Respondent's record shows that on May 16, 2002, Petitioner was arrested by New York City police for a drug offense. (Doc. 6, Ex. 1, P 6.). Petitioner remained in New York State primary custody from May 16, 2002 forward. Petitioner was sentenced by a New York state court to a term of imprisonment of 2 to 6 years. (*Id*.). New York gave Petitioner credit for the time he served from May 16, 2002, the time he first came into state custody, forward. (*Id*., p. 7.). The maximum expiration date of Petitioner's New York State sentence is May 9, 2008. (*Id*. & attachment 1 thereto).

Petitioner was indicted in United States District Court fo the Southern District of New York for illegal reentry on February 28, 2003. (*Id*., p. 8.). While Petitioner was still primarily in the custody of New York for service of his stated drug sentence, on May 15, 2003, he was taken into federal custody pursuant to a writ of habeas corpus *ad prosequendum* with respect to the stated federal illegal reentry charge. (*Id*., p. 9.). Petitioner entered a guilty plea in the United States District Court on June 26, 2003. (*Id*. p. 9). Thereafter, Petitioner was in temporary federal custody pursuant to the writ of habeas corpus *ad prosequendum.* (*Id*.).

On October 3, 2003, Petitioner was sentenced in the United States District Court for the Southern District of New York to thirty (30) months imprisonment and three (3) years supervised release. (*Id*. & Att. 2).[3] Petitioner remained in temporary federal custody pursuant to the writ of habeas corpus *ad prosequendum* until October 15, 2003, at which time he was returned to the primary custody of New York for continued service of his state drug sentence. (*Id*., p. 10.). It is

---

[3] In his Memorandum, Petitioner also correctly states that his federal sentence was imposed on "Oct. 3, 2003." (Doc. 1, memo, p. 5).

3

precisely this time that Petitioner was in federal custody pursuant to the writ of habeas corpus *ad prosequendum* which he states was from "5-15-03 to 10-22-03" (which was actually until October 15, 2003), that he claims the BOP has not given him jail time credit. (Doc. 1, memo, p. 4).

The federal sentencing Judgment and Commitment reveals that Petitioner's federal sentence was to run concurrent with any unexpired terms of incarceration, *i.e.* his New York State sentence. (Doc. 6, Ex. 1, ¶ 11 & Att. 2, p. 2).

In order to comply with the federal sentence of Petitioner, the BOP designated the New York Department of Corrections as the place of service of his federal sentence and calculated, pursuant to 18 U.S.C. § 3585, the commencement of his federal sentence as October 3, 2003, the date it was imposed. (*Id*.). The BOP then afforded Petitioner credit toward his federal sentence from October 3, 2003 through the present, which we construe as being August 2005 the date of execution of the BOP official's Declaration, Doc. 6, Ex. 1.

Petitioner and Respondent agree that after his federal sentencing, he was returned to state custody in October 2003 to finish serving his New York State sentence. Petitioner was released on his New York State sentence on My 9, 2004, *via* parole, and was then transferred into federal custody to complete serving his federal sentence. (*Id*., p 12. ). Primary custody over Petitioner was then transferred to the BOP. (*Id*.).

Petitioner states that the BOP has refused to give him credit for the time he spent in federal custody, notwithstanding his District Court's sentencing Order directing that his federal sentence was to run concurrent with any unexpired term of incarceration. Respondent has shown that Petitioner's federal sentence was computed as beginning on October 3, 2003 in order to comply

4

with his federal sentence mandate. Respondent and Petitioner both agree that Petitioner's projected release date with good time credit is December 6, 2005. (Doc. 6, p. 2 & Doc. 1, Ex. 9).

Petitioner states that he is still entitled to federal custody jail time credit from May 15, 2003, to October 22, 2003, which he states will entitle him to immediate release from BOP custody. Petitioner concedes that during this time he was in federal custody pursuant to a writ of habeas corpus *ad prosequendum* and that he was returned to state prison for completion of his state sentence thereafter, but contends that he was nevertheless in federal custody for this entire five-month period. (Doc. 7, p. 2).[4]

## II. Discussion.

### A. Credit for Time Spent in Federal Custody

As mentioned, Petitioner seeks about a five-month jail credit for the time he spent on loan from state prison in federal custody for prosecution of his federal charge pursuant to the District Court's sentence. Respondent advances one argument, namely that the Petition should be dismissed since the Petitioner's sentence was computed properly by the BOP. (Doc. 6, p. 4). As noted, it is undisputed that Petitioner exhausted his administrative remedies provided by the BOP with respect to his stated claim presented in his Petition. (Doc. 1, Exs. 10-15).

As indicated, there is no dispute that Petitioner exhausted his BOP administrative remedies with respect to the claim presented in his instant Petition regarding his challenge to the BOP's computation of his federal sentence as required. *See Moscato v. Federal Bureau of Prisons*, 98 F.3d

---

[4]Petitioner has shown that he administratively exhausted his claim. (Doc. 1, Exs. 10-15). Further, Respondent does not assert failure to exhaust as a defense in this case.

757 (3d Cir. 1996) (It is well-settled that before a prisoner can bring a habeas petition under 28 U.S.C. § 2241, administrative remedies must be exhausted).[5] Further, we find that inasmuch as Petitioner is challenging the BOP's computation of his sentence and is not seeking modification of his sentence imposed by the District Court, he can proceed in a §2241 habeas petition as opposed to a 28 U.S.C. §2255 motion to modify sentence. *See Chambers v. Holland*, 920 F. Supp. 618, 620 (M.D. Pa. 1996), *aff'd.* 100 F. 3d 946 (3d Cir. 1996) (Table).

Petitioner acknowledges, and Respondent has shown, that on May 15, 2003, he was transferred from New York State custody to federal custody on a writ of habeas corpus *ad prosequendum* and that he remained in federal custody until October 15, 2003. Petitioner seeks a credit for these five months he spent in federal custody while he was loaned for federal prosecution by the state prison. However, while Petitioner was in federal custody pursuant to the writ, New York retained primary custody over him, and the federal government did not take primary jurisdiction over him. *See Chambers,* 920 F. Supp. at 622.[6] Petitioner did not come into

---

[5]As we stated above, the documents attached to the Petition as Exhibits 10-15 demonstrate that Petitioner exhausted his administrative remedies regarding his improper calculation of sentence claim.

[6]This Court in *Chambers* stated as follows:

> The sovereign which first arrests a defendant has primary jurisdiction over him. *Shumate v. United States*, 893 F.Supp. 137 (N.D.N.Y. 1995), citing *Ponzi v. Fessenden*, 258 U.S. 254, 260-61, 42 S.Ct. 309, 310-311, 66 L.Ed. 607 (1922) and *In re Liperatore,* 574 F.2d 78 (2d Cir. 1978). See also: *Thomas v. Brewer*, 923 F.2d 1361, 1365-67 (9th Cir. 1991).
>
> . . . . .

federal custody until May 9, 2004, when he undisputedly was paroled on his state sentence and released from state prison and turned over to federal custody to continue serving his federal sentence. (Doc. 6, Exhibit 1, pp. 3-4). As Respondent states, in compliance with Petitioner's federal sentence, Petitioner was calculated by the BOP as beginning to serve his federal sentence on October 3, 2003, the date that it was imposed.

In our case, the BOP did not give Petitioner credit under 18 U.S.C. § 3585(b), which is within the BOP's exclusive authority[7], toward his federal sentence for the period of May 15, 2003

> Primary jurisdiction remains vested in the state which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of the sentence. *United States v. Warren,* 610 F.2d 680, 684-85 (9th Cir. 1980). See also: *Roche v. Sizer*, 675 F.2d 507, 510 (2d Cir. 1982) (holding that federal court relinquished jurisdiction by releasing prisoner on bail). Primary jurisdiction over a state prisoner ends and federal custody over him commences only when the state authorities relinquish him on satisfaction or extinguishment of the state obligation. *Smith,* 812 F.Supp. at 370, citing *Thomas v. Whalen*, 962 F.2d 358, 361 n. 3 (4th Cir. 1992).
>
> Producing a state prisoner under writ of habeas corpus ad prosequendum to answer federal charges does not relinquish state custody. *Thomas v. Brewer*, 923 F.2d at 1366-67. See also: *Salley v. United States*, 786 F.2d 546, 547-48 (2d Cir. 1986) (defendant produced and sentenced in federal court via writ of habeas corpus ad prosequendum did not begin to serve consecutive federal sentence until delivered into federal custody).

920 F. Supp. at 622.

[7]The *Ruggiano v. Reish* Court stated that the type of "credit" under § 3585(b) is "awarded for time served in detention for the same offense for which the defendant is ultimately sentenced" and "may only be calculated by the BOP." 307 F.3d 121, 132 (3d Cir. 2002). Our Petitioner is seeking this type of credit (*i.e.,* the time he was held for federal prosecution), and it

through October 2, 2003, "because that time was credited by New York authorities to Petitioner's state term of imprisonment." (Doc. 6, Ex. 1, ¶ 15.). Here, Petitioner is seeking credit for the time he spent held on his federal charge until his federal sentencing. This type of credit is within the purview of the BOP. Petitioner, as discussed, is not entitled to further credit toward his federal sentence for the time he was credited for serving his New York State sentence from May 15, 2003 to October 2, 2003 since he already received credit for this time by New York with respect to his state sentence. (*Id*.).

Following his federal sentence on October 3, 2003, Petitioner was returned to New York custody on October 15, 2003, to continue the service of his state sentence. As in *Chambers*, New York did not give up jurisdiction over Petitioner prior to his federal sentencing date (October 3, 2003). Petitioner remained in prison on his state sentence until May 9, 2004 (transfer to federal custody to continue serving his federal sentence). Significantly, Petitioner has been given credit by BOP toward his federal sentence from October 3, 2003, the date of imposition of it, through at least August 2005. (*Id*., ¶ 11.). While Petitioner was transferred to federal custody pursuant to the writ of habeas corpus *ad prosequendum,* primary jurisdiction over him remained with the state, as we have noted.

Petitioner contends that the BOP has improperly computed his sentence and that his federal sentence should have been credited with the five months he spent out of state prison and held by federal authorities for prosecution of his federal charge pursuant to the District Court's sentence. Since we have found that the credit which Petitioner seeks in this case is within the BOP's authority

---

is within the BOP's authority.

pursuant to § 3585(b),[8] and since we find that the BOP has correctly calculated his federal sentence, we shall recommend that the Petition be denied.

   *B. Mootness of Petition.*

As stated, it is undisputed that Petitioner's projected release date from BOP custody was December 6, 2005, *via* good conduct time. The record also indicates that Petitioner's projected release date was December 6, 2005, *via* good conduct time. Doc. 6, Ex. 1, ¶ 14. Petitioner's evidence reveals the same. (Doc. 1, Ex. 9). Accordingly, the instant Habeas Petition, in which Petitioner seeks, in part, his immediate release from BOP custody or release into INS (now BICE) custody, may be moot. The record does not indicate if Petitioner was released on his federal sentence on December 6, 2005, and is presently being detained by BICE for deportation proceedings, as Petitioner requested. (Doc. 7, p. 4).

---

[8]18 U.S.C. § 3585 provides:
   (a) Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

   (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --

   (1) as a result of the offense for which the sentence was imposed; or
   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

9

Petitioner's and Respondent's evidence indicates that Petitioner's projected release date has passed and that his challenged sentence computation may be moot since he has now been released. Since the Court was unable to determine, on the basis of the evidence that Petitioner's projected release date was December 6, 2005, whether he had been released from custody, we have addressed the merits of this petition. On the issue of whether Petitioner is still in custody for purpose of his § 2241 habeas petition, we simply bring it to the attention of the Court.

Since Petitioner may now been released from BOP custody into BICE custody on December 6, 2005, as he requested in his Habeas Petition, the present Habeas Corpus Petition may be moot.

In *Spencer v. Kemna*, 523 U.S. 1 (1998), the Supreme Court found that a petitioner's release in and of itself did not render moot his habeas petition. Rather, the Court stated that "[t]he more substantial question ... is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Id*. at 7. In the present case, Petitioner sought habeas relief, claiming in part that he was not given full credit for about five (5) months and requested his immediate release or that he be released into INS custody fo removal proceedings. (Doc. 7, p. 4). Thus, Petitioner claimed he was being unlawfully detained in BOP custody beyond his sentence. The question arises now as to whether Petitioner's claim is moot since he may no longer be detained by BOP and may no longer be in its custody. In *Spencer*, the Court stated that "[t]he parties must continue to have a personal stake in the outcome of the lawsuit. This means that, throughout the litigation, the Plaintiff must have suffered, or be threatened with, an actual injury traceable to the Defendant and likely to be redressed by a favorable judicial decision." *Id*. (Citations omitted). Because Petitioner may not currently be

detained by BOP if he was released from custody on his projected release date, Petitioner's release from BOP custody may constitute an end to his challenged illegal excessive detention by BOP. The parties have not filed any supplemental briefs addressing the issue of whether Petitioner is any longer threatened with any actual injury traceable to the Respondent and likely to be redressed by a favorable decision by this Court. Thus, if Petitioner has been released from BOP custody, there may no longer be any case or controversy presented by Petitioner's Habeas Corpus Petition.

In his Habeas Petition, the Petitioner requested as relief that he be released from BOP custody into BICE custody. (Doc. 7, p. 4). We are not aware if this was accomplished and if so, if that means he will not still suffer from an actual injury from the Respondent now that he has been released from BOP custody, and if there is no longer a case or controversy presented.

The Petitioner's claims may be moot if he is no longer being detained by BOP and there are no longer any collateral consequences as a result of the BOP's former detention of him.

The Petitioner's present petition may be moot if he has been released from BOP custody prior to the Court having addressed the merits of the Petition. Respondent states that Petitioner's projected release date was December 6, 2005, and, thus, he may no longer be in BOP custody. (Doc. 6, p. 4). This Court in *Coss v. Morgan,* Civil No. 01-0878, M.D. Pa., also recognized that since Petitioner Coss was no longer in custody or serving any sentence with respect to his challenged state conviction, and since Petitioner had completed service of his sentence for his challenged conviction in its entirety, the habeas petition was moot.[9]

---

[9] We recognize that Petitioner Perez is a federal prisoner who filed a § 2241 habeas petition, as opposed to a 2254 petition, who was serving an October 3, 2003 federal sentence, and is claiming that he did not receive jail credit for the time he spent in federal custody while

11

In the case of *Joseph v. Johns*, 2005 WL 3447932 *2 (W.D. Pa.), the court stated as follows:

> Essentially, this means that the Respondent has no authority over Petitioner any longer as his federal sentence of incarceration has fully expired and the Respondent is without power to correct any alleged error that occurred in the crediting of his federal sentence. The Court agrees that this case is moot.

"A case is moot when it is 'impossible for the court to grant any effectual relief whatever' to a prevailing party."

> *In re Overland Park Financial Corp.,* 236 F.3d 1246, 1254 (10th Cir.2001) (*quoting Church of Scientology v. United States,* 506 U .S. 9, 12 (1992) (some internal quotations omitted). *See also Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehabilitative Servs.,* 225 F.3d 1208, 1217 (11th Cir.2000) ("A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.") (citations and internal quotation marks omitted). If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to afford the plaintiff or appellant meaningful relief, then the case becomes moot and must be dismissed. *De La Teja v. U.S.,* 321 F.3d 1357, 1362 (11th Cir.2003). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Florida Ass'n of Rehab, Facilities,* 225 F.3d at 1217.  By this action, Petitioner sought to have credits issued against his federal sentence, resulting in his speedier release. *See* Section 2241 Petition at p. 3 ¶ 7 and p. 6 at ¶ 8. However, because the Respondent has lost jurisdiction over Petitioner, the Respondent was thereby rendered unable to afford Petitioner any relief. Because no matter what order the District Court would issue to the Respondent, the Respondent, having no power over Petitioner, would be unable to effectuate any relief to Petitioner, the case is moot and must be dismissed. *See Wilson v. United States Dep't of the Interior,* 799 F.2d 591, 592 (9th Cir.1986) (holding that a case was moot because the named defendant could not be directed to do anything that would provide relief).

---

still serving his New York State sentence.  However, § 2241(c) provides that a writ of habeas corpus shall not extend to a prisoner unless he is in custody under authority of the U.S.

> Even if the Respondent did have jurisdiction over Petitioner, the result would be the same. In his Section 2241 petition, what Petitioner essentially sought was release from his sentence of confinement in a speedier fashion. However, he has now already been released from that sentence. The court has no power to do anything to effectuate his speedier release given that he has already been released. Where a party has obtained all the relief sought by the time a court comes to rule on a request for relief, the case becomes moot and should be dismissed. *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir.1981) ("When all the relief sought has been obtained, there no longer exists a live controversy, and the case must be dismissed as moot."). *Accord Lowary v. Lexington Local Bd. of Educ.,* 854 F.2d 131, 133 (6th Cir.1988) ("If a party has already obtained all the relief sought on appeal, the case is moot and must be dismissed.") (citing *DeFunis v. Odegaard,* 416 U.S. 312, 316-17 (1974)); *Althridge v. Quiggs,* 852 F.2d 621, 624 (D.C.Cir.1988) ("It seems clear that Althridge has obtained all the relief he is entitled to demand, and accordingly that his case is now moot.").

Regardless of whether Petitioner's present Habeas Petition is now moot, or if collateral consequences still exist from his federal sentence *vis a vis* his removal proceedings with BICE, we have found that it should be denied on its merits.

### III.  Recommendation.

Based on the foregoing, it is respectfully recommended that the petition for writ of habeas corpus be denied.

                    **s/ Thomas M. Blewitt**
                    **THOMAS M. BLEWITT**
                    **United States Magistrate Judge**

**Dated: January 18, 2006**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS PEREZ, | : | CIVIL ACTION NO. **4:CV-05-1389** |
| Petitioner | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| RONNIE HOLT, Warden, | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **January 18, 2006.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within ten (10)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                          s/ Thomas M. Blewitt
                                          **THOMAS M. BLEWITT**
                                          **United States Magistrate Judge**

**Dated: January 18, 2006**